UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SCOTT HALE,<br>No. 00141227HD,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ANNE E. VILLALPANDO, U.S. Navy Commander; JAMIE I. ROMAN, U.S. Navy Commander; JUDSON M. KIRK, Commander; JESS COMBS, Deputy Director of Operations,<br>　　　　　　　　　　　Defendants. | Case No.: 22cv-24-LL-JLB<br><br>**ORDER:**<br><br>**(1)  DISMISSING CIVIL ACTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(h)(3) AND**<br><br>**(2)  DENYING MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>**[ECF Nos. 2, 3]** |

　　　Dylan Scott Hale ("Plaintiff"), a military prisoner currently housed at the Miramar Naval Consolidated Brig in San Diego, California, proceeding pro se, has initiated this civil action on January 5, 2022 pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Compl., ECF No. 1 at 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP"), along with a Motion to Appoint Counsel.  ECF Nos. 2, 3.

1

**I.     Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

In addition to reviewing prisoners' IFP complaints under 28 U.S.C. Section 1915(e)(2) and Section 1915A(b), the Court must also determine sua sponte whether it has subject-matter jurisdiction over Plaintiff's case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff seeks injunctive relief and monetary damages arising from alleged violations of his constitutional rights while housed at the Naval Consolidated Brig. *See* Compl. at 18-32. The four named Defendants are all Naval officers in charge of the Brig including the former Executive Officer, current Executive Officer, former Commanding Officer, and the Deputy Director of Operations. *See id.* at 1-4.

A.  Feres Doctrine

In *Feres v. United States*, the Supreme Court held that members of the armed services could not sue the Government for injuries that "arise out of or are in the course of activity incident to service." 340 U.S. 135, 146 (1950).  Since *Feres*, the Supreme Court has held that it applies not only to tort actions brought pursuant to the Federal Tort Claims act, but to *Bivens* actions as well.  *See Chappell v. Wallace*, 462 U.S. 296, 305 (1983) ("We hold that enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations."); *United States v. Stanley*, 483 U.S. 669, 680-81 (1987) (holding that *Chappell* applies to all activities "incident to service" and not merely to activities performed within the officer/subordinate relationship); *see also Bowen v. Oldstead*, 125 F.3d 800, 804 (9th Cir. 1997) ("In sum, the *Feres* doctrine is applicable "whenever a legal action 'would require a civilian court to examine decisions regarding management, discipline, supervision, and control of the members of the armed forces of the United States.'")

Based on the above, the Court finds that Plaintiff's claims involving the conditions of his confinement and disciplinary proceedings while housed at the Naval Consolidated Brig fall within the *Feres* doctrine.  Because the *Feres* doctrine applies to Plaintiff's claims in this action, this Court lacks jurisdiction over these claims.  *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996), *as amended* (Feb. 4, 1997).

II.  **Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that this civil action is **DISMISSED** for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). **IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) and Motion to Appoint Counsel are **DENIED** as moot. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

Dated:  February 10, 2022

Honorable Linda Lopez
United States District Judge